UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDY GAMEZ GARCIA and, ESTEBAN GARCIA, Husband and Wife, <br><br>Plaintiffs, <br><br>v. <br><br>SAKHAWAT HUSSAIN, M.D., <br><br>Defendant. | ) ) ) ) ) ) ) CASE NO: ) ) ) ) ) |

## COMPLAINT

The Plaintiffs, Sandy Gamez Garcia and Esteban Garcia, by counsel, for their claim against the Defendant, Sakhawat Hussain, M.D., say as follows:

1. The Plaintiffs, Sandy Gamez Garcia ("Sandy") and Esteban ("Esteban") Garcia, are citizens of Indiana, and reside in Hammond, Lake County, Indiana.

2. The Defendant, Sakhawat Hussain, M.D. ("Dr. Hussain"), is a citizen of Illinois, residing in the Chicago, Illinois area.

3. The matter in controversy exceeds $75,000.00, exclusive of interest and costs, as will be shown more fully below.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(1) & (2), in that Dr. Hussain resides within the district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

6. In March, 2013, Sandy was a patient of a primary care physician, Towanda Harris, M.D. Dr. Harris caused ultrasound examinations to be made of Sandy's kidneys and bladder on March 12, 2013 at Advocate Trinity Hospital ("Trinity") in Chicago, IL. The kidney ultrasound revealed that Sandy had multiple gallstones, and a common bile duct that measured 5 mm.

7. Subsequently, Dr. Harris ordered laboratory tests done which, among other things, showed that Sandy had normal liver function.

8. Upon being informed of the ultrasound result showing multiple gallstones, Dr. Harris referred Sandy to Dr. Hussain, who specializes in gastroenterology, the sub-specialty of internal medicine that treats, among other things, diseases of the gallbladder and biliary tract.

9. Dr. Hussain saw Sandy for the first time on or about April 17, 2013.

10. On or about May 13, 2013 Dr. Hussain performed an endoscopic retrograde cholangiopancreatography ("ERCP") procedure on Sandy. The indication for the procedure, according to Dr. Hussain, was "Cholelitheisis, *r/o* choledocholitheisis."

11. In ordering an ERCP as a diagnostic procedure to "rule out choledocholitheisis," Dr. Hussain breached the applicable standard of care, since an ERCP is not indicated in the absence of imaging showing stones in the common bile duct or dilation of the common duct consistent with the presence of stones, and in the face of normal liver function tests. The applicable standard of care instead required Dr. Hussain to use less invasive testing such as either magnetic resonance cholangiopancreatography (MRCP), an endoscopic ultrasound, or to proceed directly to obtain a surgical consult, and have the surgeon perform a laparoscopic cholecystectomy with intraoperative cholangiogram to investigate the possibility of choledocholitheisis.

12. Dr. Hussain was obliged by the standard of care to utilize these alternative procedures in order to avoid the significant risk of pancreatitis and other potentially life-threatening complications from ERCP.

13. Dr. Hussain further breached the applicable standard of care in his performance of the ERCP in that he repeatedly entered the pancreatic duct, rather than the common bile duct, and failed to recognize that he had done so. Dr. Hussain also breached the applicable standard of care by failing to discontinue the procedure and place a temporary pancreatic duct stent in order to reduce the possibility of ERCP-induced pancreatitis.

14. In fact, rather than entering the common bile duct during the ERCP, Dr. Hussain perforated a side branch of the pancreatic duct within the head of the gland, and then the guide wire that he controlled coursed superiorly towards the liver, but not actually within the common bile duct. Dr. Hussain failed to recognize this despite performing the procedure under fluoroscopic guidance which clearly revealed his error.

15. In addition, Dr. Hussain then breached the standard of care by injecting contrast material when the cannula was not within the bile duct. Rather, Dr. Hussain's injection of contrast material when the cannula was not within the bile duct caused acinarization by injecting contrast into the smallest of the pancreatic ducts, and thereby filled the acinar units with contrast material, which further increased the risk of the life-threatening complication of pancreatitis.

16. The perforation and acinarization occurring as a result of Dr. Hussain's breaches of the standard of care did, in fact, result in severe pancreatitis in Sandy, necessitating multiple surgical procedures, a lengthy hospitalization, and resulting in medical expenses, pain and suffering, and permanent injuries.

17. Esteban is the husband of Sandy. As a result of the negligence of Dr. Hussain, Esteban has been deprived of the consortium of Sandy, and will be deprived of her consortium in the future.

18. Attached hereto is the Affidavit required by 735 ILCS 5/2-622(a)(1).

WHEREFORE, Plaintiffs, Sandy Gamez Garcia and Esteban Garcia, pray for judgment against the Defendant, Sakhawat Hussain, M.D., in an amount sufficient to compensate them for their injuries and damages, for costs of this action, and for all other appropriate relief.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand trial by jury.

Respectfully submitted,

/s/ Robert F. Parker
Robert F. Parker (6294-45)
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, IN 46410
(219) 769-1313
*parker@bcclegal.com*
Attorneys for Defendant